And our next matter for argument this morning is Lovig v. Best Buy Stores, et al. Good morning, I'm Sean Sitar on behalf of Plaintiff and the Appellant. I'd like to please reserve six minutes for rebuttal, if I may. All right, watch your time and we'll do our best to give you a cue. Thank you. This case essentially has three distinct legal issues that the court has been asked to decide on. First and foremost, was it proper to confirm the arbitration award in order to appeal? The second issue is, did the district court apply the wrong legal standard, post-Morgan v. Sundance, where there is no real presumption in favor in arbitration agreements? And in using the new post-Morgan v. Sundance standard, was there actual contract formation? And, you know, the first legal issue in relation to affirming the arbitration award, that was essentially the only way, and pursuant to Section 9 and 10 of the FAA, was the appropriate method to have jurisdiction to actually appeal the award. We feel that, you know, entering a judgment was not the appropriate method to have standing to appeal the arbitration award. You know, post-Morgan v. Sundance, the law diametrically was changed. I mean, we had an employee who worked for the company for over 10 years, and he was presented with an arbitration agreement, and there were specific modules, there were specific processes that were required, at least according to Best Buy, in terms of effectuating that agreement. And an arbitration agreement post-Morgan v. Sundance is like any other agreement between two parties. There needs to be offer, there needs to be acceptance. Well, hold on, wasn't he provided with notice of that arbitration agreement back in January of 2016? Is that correct? He was provided with the opportunity to do the training module. He knew, it's undisputed that he knew of an arbitration agreement. Okay, and that was before it was implemented, correct? That was before it was implemented. And then he, in spite of having notice of that, he continued to work after the arbitration agreement was enacted. Is that right? He did continue to work, Your Honor. Under California law, why isn't that sufficient? Under California law, and even under federal law, when we look at the Neiman Marcus decision, and when we look at Volt v. Board of Trustees, when we look at Stolt-Nielsen, when we look at Engel v. Circuit City, the U.S. Supreme Court has over and over and over again said arbitration agreements, especially in the employment context, is not an issue, is not a contract of coercion. So, we have a situation where he's professing to his employer that he's not in agreement with the concept of an arbitration agreement, and we have testified who has managers approaching him over and over and over again to finish this training module to effectuate that agreement. So, you're saying that under California law, what the employer was required to do was do more than provide notice? What were they required to do? I guess that's what I'm wanting to make sure I understand. That's a fair question. I mean, I think, you know, in reviewing and thinking about the case to prepare for oral argument, I think it would, I think, make matters easier if we took this case out of the employment context and simply looked at it like any other contract, which is how the U.S. Supreme Court in Morgan v. Sundance instructs us to analyze. Except that it is in the employment situation, and the rule in California is if you have notice of the arbitration agreement and you continue to work, then you have assented to it. I think the question for me is, if I understand your argument, is that you think that telling him that there was a module and that the posting on the website was insufficient notice. Is that your argument or not? I think it's multifaceted. So you've conceded that your client knew there was an arbitration agreement. True? There's no dispute that the client has professed and admitted that there was, quote, unquote, an arbitration agreement. Did he see it? He knew about an arbitration agreement. At least that's what the record reflects. But I think in order to have a binding agreement between Best Buy and the plaintiff in this action, there needs to be a clear exchange of the parameters of the agreement. So in other words- Did Best Buy have a requirement in their employee guidelines or something that would require employees to be reviewing the- I forget the specific term. It's called, like, my-what was it-my HR. Are they required to be reviewing that as pursuant to some policy that they have with regards to their employees? Or is that something that they-he just happened to stumble on by looking at it? It's our position that the module was necessary to effectuate the arbitration agreement. And that's all part of the record. The record reflects that the managers and the defendants don't really-the defendant doesn't really dispute this, that the managers asked him over and over and over again to finish the training module. And he never completed the training module. And that was, in effect, necessary for defendant to have any sort of possibility to effectuate the agreement. I think it's multifaceted because he didn't finish the training module. I think even if he had completed the training module under the Neiman Marcus case, when you profess over and over and over again that you do not agree to the arbitration agreement, that's the epitome of coercion as described by the U.S. Supreme Court. So he was aware of an, quote, unquote, arbitration agreement, but there's no evidence that he agreed to it. There's no evidence that he even acknowledged all of the terms and conditions of the arbitration agreement. And that was the back and forth that he had between himself and his managers. And, you know, we feel that that's almost like a party admission by the defendant where they kept on going back to the well and asking plaintiff to complete the training module. That's all part of the record. Defendant doesn't even dispute that they were asking him over and over again to complete the training module, which he didn't complete. And every time they asked him, look, we want you to finish the training module. We want you to agree to the agreement. Each time he told them that he doesn't want to agree to. So your position is that because he didn't complete the training module, therefore, he's not put on notice. Is that what you're saying? I think it's more complex than that. I think, you know, I'm compartmentalizing the arguments between completing the training module, which is, you know, effectively, you know, him understanding what the terms and conditions are. Plus, had he even completed the training module under the Neiman Marcus decision and the other cases, when you have a coercive type of environment, as discussed by multiple U.S. Supreme Court decisions, there shouldn't be this enforcement of the arbitration agreement when the employee is repetitively saying that he's not in agreement with the arbitration agreement. Do you want to reserve the rest of your time? Yes, Your Honors. Thank you. All right. We'll hear from BESPAI. Thank you. May it please the Court, I'm Barbara Miller here on behalf of BESPAI. I wanted to start with an interesting prefiguratory question. Does the Court even have jurisdiction to hear this appeal? The case raises an interesting question, which is, when does an order compelling arbitration become final when a court stays a case pending resolution of the arbitration? This is a jurisdictional question because the order, the appeal, has to be made within 30 days of when that order becomes final. And BESPAI submits that the only answer to this question that harmonizes the Federal Arbitration Act with Supreme Court decisions is that the order compelling arbitration is final when the time to vacate the arbitration award expires. And this is because under Green Tree Financial Corp., which is a U.S. Supreme Court decision, 531 U.S. 79, an order compelling arbitration is final when it ends the litigation on the merits and leaves nothing more for the district court to do but execute the judgment. So under Section 9 of the Federal Arbitration Act, a court has no alternative but to confirm an arbitration award, thereby effectuating execution of the judgment, unless that award is vacated, modified, or corrected. It's a must. There's no discretion. The court must confirm the award and execute it unless it's vacated, modified, or corrected. Under Section 12 of the FAA, a motion to vacate, modify, or correct must be served upon the adverse party within three months after the arbitration award is filed or delivered.  And as we all know, the Supreme Court has made clear that the FAA has to be followed. Thus, when the three-month period passes after an arbitration award is filed and no motion to vacate, modify, or correct is served, the district court has nothing left to do but execute the judgment by confirming it. That renders the decision compelling arbitration final. I don't think you have any case supporting that directly, do you? And the reason I ask is that, you know, we adhere to the final judgment rule pretty rigidly. And normally, if there is an appeal prior to the entry of final judgment, we reject it as interlocutory. So your argument is, yes, this is a new interlocutory order that is appealable after a certain time period, if I'm understanding your argument. Well, it has to be because, for example, here. If I might interrupt, I mean, I think you have a point on timing and when you have to file a motion to vacate, but I'm not sure that is equivalent to finality in terms of the district court judgment. Well, it's not the finality of the district court judgment. It's the finality of the order compelling arbitration that we're looking at. Under your logic, why wouldn't that apply to a summary judgment order? Which is not appealable, you know, until final judgment. It's the end of the case as far as the parties are concerned because the court's expressed its opinion. All it has to do is execute the judgment, but it's still not appealable until the judgment's entered. I understand that, Your Honor. But here, when is the final order compelling arbitration? For example, here the district court stayed pending arbitration. After the arbitration award, no party did anything with it. What would have happened if Barrett-Best Buy had never moved to confirm it? What would happen? At some point, would the district court have noticed that the case remained stayed on its docket? What if that happened five years in the future? Could the arbitration award still be appealed or vacated? Is it dependent on when the district court notices that some stayed case remains on its docket? So, in our view, the arbitration order becomes final when it can no longer be vacated. Because at that point, all there is left to do is to issue a final judgment, which is appealable. So the question then becomes, is the motion to vacate a necessity to appealing the underlying order compelling arbitration? And I think the answer has to be yes. Because Section 10 of the FAA, the Supreme Court established in Hall Street Associates v. Mattel, that Section 10 of the FAA provides the exclusive means to challenge an arbitration award. Section 10 of the FAA includes the ability, well, and in Johnson v. Wells Fargo Home Mortgage, which is 655F3401, this court explained that what this court is reviewing is a decision confirming or vacating an arbitration award. And the award can be vacated only pursuant to Section 10. The reason stated in Section 10, one of which is that the district court or the arbitrator had no power to issue the arbitration award in the first instance. That is a Section 10 basis to vacate. But pursuant to Section 12, that has to be raised within 90 days of the arbitration award. Because if it's not, under Section 9, the district court has no authority to do anything but confirm the award. So if there is no motion to vacate under Section 10, there is no authority or jurisdiction to do anything other than confirm the arbitration award. Once that 90-day motion passes without a motion to vacate, the arbitration award must be confirmed. And there are many cases holding that the absence, you can't challenge an arbitration award if you don't move to vacate. And those cases include Brother of Teamsters v. Auto Truck Drivers Local 708F2nd 488. But none of those cases involve the point you're making, which is you're saying that passage of time automatically enters the judgment of the district court. Well, there's an alternate argument, Your Honor, that if you don't file the motion to vacate within the time period required, you can't then challenge that arbitration award on grounds that there was no authority to enter it. Because you have to do that within 90 days. That is a Section 10 basis to vacate. But then there would be an appeal, and your argument would be time has passed, and we would probably say, yeah, that's true. But you're arguing they don't have a right to appeal. I'm arguing in the alternative, right? So the first argument is, when does the arbitration award become final so that it can be appealed? The second argument is, even if it is not final until some date in the future, when the district court finally gets around to dismissing the case, the person challenging the award has to bring that challenge within 90 days. And here, that didn't happen. Your time is running down, so maybe we talked about the other aspects of the case. I have your argument in hand, I think. What concerns me, and it may not be this case, is that I don't see a case. All the cases you cite, the notice of an arbitration provision was either given to the employees physically or they signed an acknowledgement. I'm not sure I've seen a case where posting on a website or a training module is sufficient notice. And I'm not saying necessarily that this case is that, but can you help me out with that? That's my concern, is that this case may lessen the standard required of notice to employees that there is an arbitration agreement. Well, I think that the requirement is that there is notice. And I think that the evidence here that the district court had before it was that there was actual notice of the policy. I'm asking you to set that aside, because the facts of this case may be different. But, I mean, do you have a case that you can point me to where posting on a website without direct contact to the employee or offering a training module itself is sufficient notice to the employee as a matter of law? And I understand your argument that the facts of this case are somewhat different. So there are cases that say putting it in an employee handbook that's available to the employee is sufficient. I think that is the Diaz case. I mean, not the Diaz case, the Davis case. And they're so that you don't, the employee, if the handbook is provided or made available, that provides the notice required to enforce the arbitration provision in the handbook. I don't think that making the handbook available or providing notice is of that handbook or the policy via making the employees aware of it is any different from providing notice of a handbook. Did you have a requirement, any requirement whatsoever, that required employees to review those updated notices on the HR website? The notices were provided to the employees that said this has been, this policy has been changed. Here's some training and here's the information on the change and provided links to the frequently asked questions and the training. So it made employees aware of an updated policy. How? And that was the note, that was the notice that was provided. Where? So it was provided to employees. Well, this isn't in the record. And so I can, I'm happy to elucidate on how that happened. But the record is that the Ms. Sibrel said she, they notified all employees of the HR policy and they posted it on the Internet. How that was done was through the, when they log into the computer, they get notices of what's available and what's changed. They also posted that document called Arbitration Policy Frequently Asked Questions. And then they gave the opportunity to learn about that policy through the online training. I mean, that's been the curious thing about this case. I mean, at ER 110, your HR supervisor says that they informed the employees. It's never quite clear to me how that is effectuated. So that's the one question I do have. I appreciate that. And I agree. What's in the record is Ms. Sibrel's declaration that it was, notice was provided and the arbitration policies and the FAQs were posted. The issue here, though, is while that question about the detail is not answered in the record, Mr. Levig admits that he did receive that notice. Right. I mean, my concern is similar, which is if you just post it on your website and you just say, here's a training module, I just don't see a case that says that's sufficient notice. I realize you're saying that's not this case because of the facts. But in Ms. Sibrel's declaration, she doesn't say how the employees were notified, except by putting it, posting it on MyHR. Well, in the Davis case, I think the facts are that the employee, that the agreement was in the handbook. Right. The handbook here. Well, the policies posted online are similar to a handbook. I don't know that there's any distinction between having policies posted online and a handbook. That is the way most companies make policies available. But is the policy, does there, again, I'll go back to this question. I think everyone's tired of hearing it. But the question is, is there something in Best Buy's policy that required employees to review that handbook periodically? It made people aware of the handbook. I'd also like to point out one thing while I have a couple seconds remaining. There's this Diaz v. Sonin Enterprises case, which we cited in our brief, where the policy was made available by the handbook and you had to be consented by a remaining employee. The employee there actually did object. She said she didn't want to agree. She even sent an attorney letter that said she didn't agree to the policy. And the Court of Appeal in California said that's not a way to not agree. So I'll take your non-answer as an answer, which is no. Correct? There are cases that say, and Davis says that making the policy available is sufficient. Okay, thank you. All right, Ms. Miller, your time has run. Thank you for your argument. I think Appellant has a couple more minutes. Thank you, Your Honors. I'll be brief. I'm not sure if I'm going to utilize all my time. I think the courts in Bayer v. Neiman Marcus, Borlak v. Sports Club, and Mitri v. Ariel Management, and this was, mind you, pre-Morgan v. Sundance, pre-shifting of what level of evidence someone seeking to compel arbitration needs to demonstrate that there was actually a meeting of the minds and an agreement to arbitrate. Those courts had it right. But California law seems to indicate that an employer can unilaterally impose an arbitration agreement. Well, I mean, I think in Borlak and Mitri, they applied California law, and those panels said that we're not going to enforce the agreement. Plus, here we're dealing with the FAA. I think, you know, federal law arguably can also control. You know, that's a separate legal issue. I think whether we apply federal contract law or state contract law, I think we're dealing with the same result, which is there was no real meeting of the minds and a communication of what this arbitration agreement says. And I think, you know, defendant somewhat admits to that. They have this HR person that says that it was posted on the intranet. There's no evidence that plaintiff saw it on the intranet. There's no instruction for him to see it on the intranet. They had managers repetitively. I mean, that's part of defendant's state of mind in terms of to effectuate this arbitration agreement, you need to also complete the training module. So that, at least from their perspective, why else would they require a plaintiff to complete the training module in relation to the arbitration agreement? And plaintiff admittedly never completed it. Defendant doesn't dispute that. You know, another legal issue that's somewhat interesting is, you know, is it an all or nothing proposition when you have like these types of arbitration agreements and you have an employer-employee relationship and you have an employee over and over and over again saying that they don't want to agree to the arbitration agreement? This is precisely the coercive type of conduct that, you know, we saw and the U.S. Supreme Court has instructed that shouldn't be promoted in terms of forcing people into arbitration agreements when they don't want it. So defendant had a choice. Defendant could have terminated and severed its ties with plaintiff and said, look, you know, I understand you don't want to have the arbitration agreement. I understand you don't want to read and acknowledge and agree to the training module. I understand that you really don't want to, you know, we're instructing you to read the FAQ and you don't want to do this. I mean, the employer arguably, I mean, I'm not, you know, going, quote, unquote, going on the record and say that that's proper conduct. But in California, we live in a terminable at-will state. So, you know, unless there's some sort of protected activity, the defendant is within their right to sever that relationship. Plaintiff said that they don't want to have the arbitration agreement. You know, defendant acknowledged that dispute. And what defendant should have done is they should have, they could have. I mean, we've seen cases over and over again. Oh, you don't want to, you don't want to do A, B and C while you're employed here. We're going to suspend you. We're going to write you up. The next, after the next suspension, we're going to terminate you. They didn't do that here. They acknowledged that he did not want to be part of the arbitration agreement. They waived their right effectively in relation to any enforcement of the arbitration agreement on top of that. Plus, they acknowledged that there was no effective agreement because he didn't, you know, it was on the intranet. And they kept on pushing him to do this FAQ, which he refused to do. It's not their way or the highway. And, you know, I think post-Morgan v. Sundance and all of these other U.S. Supreme Court decisions, prior Ninth Circuit rulings, prior Court of Appeal rulings say that you can't force people into arbitration, and especially you can't compel arbitration when there was never a meeting of the minds to do so. All right, counsel. Thank you for your argument. Thank you. The matter of Lubbock v. Best Buy stores will be submitted.
judges: THOMAS, FORREST, MENDOZA